**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>YUE WAH CHAO<br><br>      Debtor. | Chapter 11<br><br>Case No. 26-10803-DSJ |
| In re:<br><br>KERRY GROUP CORPORATION,<br><br>      Debtor. | Case No. 26-10804-DSJ |
| In re:<br><br>WARINGIN LTD,<br><br>      Debtor. | Case No. 26-10806-DSJ |
| In re:<br><br>GOLDEN BILLION TRUST,<br><br>      Debtor. | Case No. 26-10851-DSJ |
| In re:<br><br>SALIM GROUP TRUST,<br><br>      Debtor. | Case No. 26-10853-DSJ |

<u>**MEMORANDUM OF DECISION AND ORDER GRANTING MOTIONS TO DISMISS**</u>

1

**APPEARANCES:**

**MOULINOS & LEVINAS PLLC**
*Counsel for 979 Second Ave LLC*
150 East 58th Street, 29th Floor
New York, New York
By: Peter Moulinos

**WEINBERG ZAREH MALKIN PRICE LLP**
*Counsel for the Debtors*
45 Rockefeller Plaza, 20th Floor
New York, New York 10111
By: Adrienne Woods

**OFFICE OF THE UNITED STATES TRUSTEE**
*United States Trustee, Region 2*
One Bowling Green, Room 534
New York, New York 1004
By: Andrea B. Schwartz

**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court are two motions to dismiss the above-captioned bankruptcy cases under Bankruptcy Code section 1112(b). The bankruptcy cases were filed by an individual debtor and by or on asserted behalf of a series of entities in which she has or asserts an ownership or other interest. The motions are filed by the Office of the United States Trustee and by a creditor that has engaged in long-running state-court litigation in an attempt to vindicate its entitlements against Debtors. The bankruptcies were filed on the cusp of long-delayed, court-approved enforcement or collection steps by the creditor.

At the time the cases were filed, the entity debtors were not represented by counsel, and the filings were impermissibly made by the entities' asserted principal, acting *pro se*. At an initial conference on May 5, 2026, during which the Court admonished the principal that counsel

2

needed to be retained immediately if the cases were to go forward, the principal promised a prompt appearance by counsel and said she was already in discussions with a bankruptcy attorney. After a month of no appearance by counsel, the Court then conducted a further hearing on June 8, 2026, at which counsel appeared and for the first time while in open court stated an appearance on behalf of debtors. The Court heard argument on the motions, allowed a short time for newly retained counsel to make a post-hearing submission, and stated that it would either rule promptly upon receipt of any further submissions or would reconvene the hearing.

Having received and considered debtors' post-hearing submission and the creditor's reply, all against the backdrop and record of the case as a whole, the Court grants the motions to dismiss the case for cause pursuant to section 1112(b)(1) as a bad-faith filing, and pursuant to section 1112(b)(4)(F) in light of debtors' ongoing failure to satisfy applicable reporting and filing requirements.

## BACKGROUND

Pertinent aspects of these cases' background is as follows.

These five Chapter 11 cases stem from a single lease beginning in 2011 between Wah Win Group Corp. ("Wah Win"), an entity owned by Debtor Yue Wah Chao, and 979 Second Ave LLC ("Creditor"). Wah Win routinely missed rental payments, prompting Creditor to take legal action and kicking off a tumultuous series of events. In its motion to dismiss, Creditor details a four-year saga of judgments against Chao and subsequent property transfers between her various entities.

Creditor took legal action in the Supreme Court of the State of New York (the "State Court") to recover on the missed rental payments by Wah Win. Chao was the personal guarantor

3

for Wah Win under the lease, so Creditor sought to recover against both Wah Win and Chao

personally. The State Court entered three judgments against Chao totaling $604,652.95, which

with interest has risen to $788,572.47 as of the filing of Creditor's motion dated May 18, 2026.

*See Declaration in Support of Motion to Dismiss by Creditor 979 Second Ave LLC.* ECF No. 21-

1.  Both before and after the monetary judgments, Chao began making a series of property

transfers between her various entities, which in turn led to Creditor filing a series of turnover

proceedings to counteract those transfers and satisfy the judgments.  Between July 2022 and

March 2026, the State Court issued four turnover orders.

Chao has or had ownership interest in several entities, including Wah-Mart Group Corp.

("Wah-Mart"), Golden Billion Trust ("Golden Billion"), Kerry Group Corp. ("KGC"), Waringin

Ltd. ("Waringin"), and Salim Group Trust ("Salim"). However, Creditor disputes whether Chao

retained any ownership interest in KGC, Waringin, or Salim following the aforementioned

turnover orders. All those entities except for Wah-Mart have filed Chapter 11 petitions, all filed

by Chao. Prior to the First Monetary Judgment, Wah-Mart owned three real properties known

collectively as the "Receivership Properties," which Chao then transferred to Golden Billion for

zero consideration. While Creditor initially targeted the Receivership Properties to satisfy the

judgment, Creditor came to believe that those properties alone would be insufficient to satisfy the

entire balance of the judgments. Subsequently, Creditor ascertained that Chao also had

ownership interest in KGC and Waringin, which owned the "KGC Property" and "Waringin

Units," leading to a turnover proceeding to use those properties to satisfy the judgments.

Chao commenced these cases on April 9, 2026. At that time, Creditor was at an advanced

stage of pursuing, or had formulated plans to pursue, the following actions in order to satisfy the

outstanding judgments: (1) the sale of the Receivership Properties, (2) the turnover to the NYC

4

Sheriff of Chao's interests in KGC and Waringin for auction and sale, and (3) the turnover to Creditor of Chao's interests in Salim. As part of her efforts in response to Creditor's collection efforts, Chao has also instigated legal action against Creditor in the State Court alleging malicious prosecution, intentional infliction of emotional distress, elder abuse, real estate fraud, and other claims. Chao initially filed her claim on December 22, 2025, before filing an amended complaint on April 22, 2026, after her Chapter 11 filings. Creditor has deemed this action by Chao to be further indicative of bad faith with respect to her Chapter 11 filings.

The Court conducted an initial case conference on May 5, 2026, and among other things told Chao that the entity debtors could not proceed unless they were represented by counsel. (Tr. [ECF No. 26] at 23:12-15 ("You definitely should get a lawyer of your choosing. You need to -- it's required for corporations to be in bankruptcy and it's even for you as a person, it's in your interest"); *id.* 25:16-19 ("I can't say it enough, get a lawyer. Do just what you say you're planning to do because you're -- the corporations are required to proceed by a lawyer. They're not allowed to proceed without a lawyer."). The Court continued the conference to June 9 and advised the parties that it would be available to entertain any motion to dismiss on that day.

Consistent with their intentions as stated during the May 5 conference, on May 18 and 19, respectively, Creditor and the US Trustee moved to dismiss all five of Chao's Chapter 11 cases. At the time of the motions no counsel had appeared for any debtor notwithstanding the Court's admonitions on May 5 and Chao's representation that she was already in discussions with counsel. As alternative relief on its dismissal motion, Creditor seeks relief from the automatic stay so that it can resume pursuing enforcement actions in the State Court.

5

The Court heard the motions on June 9. On that day and for the first time, counsel stated an appearance for all Debtors in open court without having previously filed a notice of appearance or filed any other papers in any of the cases. That counsel explained that she had only recently been retained, and, while acknowledging the many problems with the case, she asked for 30 days to rectify the cases' deficiencies. Notwithstanding Creditors' request for immediate relief, the Court allowed counsel a short time to make a supplemental submission, to which replies would be permitted. The Court stated that it would then either issue a prompt ruling or reconvene for a further hearing.

## DISCUSSION

All five cases are dismissed for cause pursuant to section 1112(b)(1) of the Bankruptcy Code, both because the cases are bad-faith filings under the governing case law, and because cause exists as defined by section 1112(b)(4)(F) of the Code because despite representations made by Debtors' counsel on June 9 and the passage of more than a month since then, there is no visible sign of any concrete steps by any debtor toward meeting basic Code requirements, much less toward achieving a viable plan. Further, dismissal rather than conversion is appropriate because there is little evident benefit to be achieved by continued administration of these cases in Chapter 7, and Creditor has in place well-advanced enforcement or collection efforts under the capable supervision of the State Court.

### A. Bad Faith

Under 11 U.S.C § 1112(b)(1), courts shall either convert a Chapter 11 case to a Chapter 7 case or dismiss the case, whichever is in the best interests of the creditors and the estate, "for cause." Dismissal or conversion of a Chapter 11 case shall be granted under 11 U.S.C. § 1112(b),

6

provided the moving party demonstrates cause, unless either of the exceptions under §§ 1112(b)(1) or (b)(2) apply. In this case, none of the exceptions apply and there has been no contention to the contrary.

The Bankruptcy Code enumerates 16 examples of "cause" under § 1112(b)(4), but this list is illustrative, not exhaustive. *In re C-TC 9th Ave. P'ship,* 113 F.3d 1304, 1311 (2d Cir. 1997). Abundant case law establishes that a debtor's "bad faith" constitutes cause for dismissal despite not appearing as an enumerated ground in the Code. *See In re AAGS Holdings LLC,* 608 B.R. 373, 382 (Bankr. S.D.N.Y. 2019); *see also In re SGL Carbon Corp.,* 200 F.3d 154, 160 (3d Cir. 1999) (collecting cases). Establishing such bad faith requires showing both objective futility of the reorganization process and subjective bad faith in filing the petition. *In re Kingston Square Assocs.,* 214 B.R. 713, 725 (Bankr. S.D.N.Y. 1997). Objective futility focuses on whether there is a reasonable possibility that the debtor will emerge from bankruptcy, while subjective bad faith focuses on whether there is a reasonable likelihood that the Debtor intends to reorganize. *AAGS Holdings LLC,* 608 B.R. at 382-83. The Second Circuit has identified eight badges that support a finding of bad faith:

(1) The debtor has only one asset;
(2) The debtor has few unsecured creditors whose claims are small in relation to those of secured creditors;
(3) The debtor's one asset is the subject of a foreclosure action as a result of arrearages or default;
(4) The debtor's financial condition is, in essence, a two-party dispute between the debtor and secured creditors that can be resolved in the pending state foreclosure action;
(5) The timing of the filing evidences an intent to delay or frustrate legitimate creditor enforcement efforts;
(6) The debtor has little or no cash flow;
(7) The debtor cannot meet current expenses, including taxes; and
(8) The debtor has no employees.

*C-TC,* 113 F.3d at 1311 (quoting *Pleasant Pointe Apartments, Ltd. v. Kentucky Hous. Corp.,* 139 B.R. 828, 832 (W.D. Ky. 1992)).

These factors serve as guides and are not to be mechanically applied. *AAGS Holdings LLC,* 608 B.R. at 383 (quoting *In re 68 W. 127 St., LLC,* 285 B.R. 838, 844 (Bankr. S.D.N.Y. 2002)). Depending on the circumstances, one factor may carry greater weight than another, with no number of factors on either side of the balance being determinative. *See id*; *see also In re Encore Prop. Mgmt. of W. New York, LLC,* 585 B.R. 22, 30 (Bankr. W.D.N.Y. 2018).

The pre-bankruptcy litigation history between Creditor, Chao, and her various entities, along with her record of improper attempts to transfer properties seemingly to try to insulate them from Creditor's enforcement efforts, strongly suggests that the eleventh-hour bankruptcy filings were made for the purpose of delaying or frustrating legitimate creditor enforcement efforts. Debtors' counsel correctly observed that an eve-of-foreclosure filing alone does not establish bad faith if and when a debtor is pursuing a legitimate bankruptcy purpose and has some prospect of successful reorganization. But here no debtor has shown any prospect or even intention of pursuing a viable bankruptcy path, notwithstanding counsel's understandably broad claims during the June 9 hearing, when she was brand new to the case. Subsequent events reflect absolutely no progress, even to the point that there is no so-called 1007 declaration on the docket even though counsel acknowledged that such a declaration is required to accompany petitions. Moreover, as Creditor correctly notes in its motion, in each of the cases in question Debtor has only one asset (real property). And most notably, the history between Creditor and Debtors in the State Court supports a finding that factors (4) and (5) – a two-party dispute and timing that evidences an intent to delay or frustrate legitimate creditor efforts – weigh strongly against Debtors. Creditor has received several favorable judgments from the State Court authorizing the seizure and sale of Chao's interests in her entities. The enforcement of those judgments has been

8

thwarted by Chao's subsequent filing of the cases in question, a point that is not denied by Chao herself.

Again, the Court acknowledges that Debtors' counsel, during the June 9 hearing, rightly emphasized that it is "well established" by case law that the mere fact that a petition was filed on the eve of enforcement activities does not, standing alone, establish bad faith. Counsel also asserted what she deemed a legitimate bankruptcy purpose of implementing a value-maximizing reorganization or liquidation. But neither at the hearing nor in the more than a month since has any Debtor taken any step toward achieving such an objective, nor has any Debtor backed up counsel's initial generalized assertions with any concrete information or basis to believe these cases serve any purpose other than delay. In the circumstances, movants have established that the cases were filed in bad faith. Dismissal for cause therefore is warranted pursuant to section 1112(b)(1).

### B. Section 1112(b)(4)(F)

Bankruptcy Code section 1112(b)(4)(F) provides that cause for dismissal exists for a debtor's "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter." 11 U.S.C. § 1112(b)(4)(F). Local Bankruptcy Rule 1007-2(c) requires a debtor to file an affidavit or declaration in support of its Chapter 11 filing along with the petition. Yet more than 60 days after filing the petitions, no Debtor has filed such an affidavit or declaration. Among other deficiencies, the docket also contains no monthly operating reports. Those are required to be filed monthly. *See* 28 C.F.R. § 58.8(e). Debtors also have failed to file schedules at any time, much less within 14 days of the petition as required by Federal Rule of Bankruptcy Procedure 1007(b)(1) and (c)(1). All of these failures constitute cause to dismiss under section 1112(b)(4)(F).

**C. Dismissal Is in the Best Interest of the Creditor and the Estates and No Unusual Circumstances Suggest Otherwise**

If, as here, "cause" is established, the Court must determine whether conversion to Chapter 7 or dismissal "is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). Here, dismissal is appropriate. There has been no showing of any possible beneficial purpose of a conversion to Chapter 7, because there has been no showing of any unencumbered assets that could be administered, and Debtors' encumbered assets are already the subject of well-advanced state-court proceedings that will protect the interests of judgment creditors and/or lienholders. There is simply no apparent reason to further delay those processes while causing more expense through a Chapter 7 liquidation process.

The Code also gives a debtor the opportunity to resist dismissal or conversion in "unusual circumstances". Specifically, 11 U.S.C. § 1112(b)(2) states that after cause is established, the burden shifts to the debtor to show that there are "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate…." 11 U.S.C. § 1112(b)(2). There has been no persuasive showing of such circumstances here. Despite general, conclusory assertions, Debtors have advanced no evidence giving any reason to believe these bankruptcy proceedings would preserve going-concern value, protect employees (none have been shown to exist), or facilitate a feasible plan. Meanwhile, the State Court has already substantially addressed the relevant rights and interests of the parties here. In these circumstances, dismissing these cases to allow the State Court judgments to be enforced is in the best interests of the Creditor. Debtor has not shown the existence of any competing creditor interests at all, much less any that would outweigh this consideration.

**D. Relief from the Automatic Stay**

10

The case's dismissal moots Creditor's request in the alternative for relief from the automatic stay. That request accordingly is denied as moot, without any determination on the merits.

**CONCLUSION**

For the reasons stated above, the motions of the Creditor and the United States Trustee to dismiss these bankruptcy cases are granted. The movants shall submit proposed orders in Word format to formalize and effectuate this ruling. Debtors' time to appeal will run from the Court's entry of a dismissal order. So ordered.

Dated: New York, New York
     July 20, 2026

         *s/ David S. Jones*
         Honorable David S. Jones
         United States Bankruptcy Judge